IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

SUSAN CROSBY                                                                                               PLAINTIFF

V.                                                 4:11CV00638 JMM

GEORGE HOPKINS, et al                                                                           DEFENDANTS

## ORDER

Pending is the Motion to Dismiss filed by the Defendants. The Plaintiff has responded to the Motion and the Defendants have replied. After review of the pleadings, the Court notified the parties that the Motion to Dismiss was being converted to a motion for summary judgment pursuant to Rule 12(d) of the Federal Rules of Civil Procedure. (ECF No. 28). The Court granted the parties additional time to object to the conversion and to submit supplemental material in support of their respective position. The parties neither objected to conversion of the motion nor supplied additional material. For the reasons stated below, the Court has determined that the Defendants' Motion should be GRANTED.

I.      Facts

Plaintiff worked for the Arkansas Teacher Retirement System ("ATRS") as the Senior Investment Analyst from December 2009 until her termination on February 24, 2011. ATRS is a retirement program created by the Arkansas Legislature at Ark. Code Ann. § 24-7-201 et seq. The Chairman of the Board of ATRS is appointed by the Governor and the other Board members are elected by their constituents. The Board is accountable to the Legislative Joint Committee on Public Retirement and Social Security Programs.

Defendant George Hopkins is the Executive Director of ATRS. Defendant Dr. Richard Abernathy is the Executive Director of the Board and the remaining defendants are members of

the Board.

As Senior Investment Analyst, Plaintiff analyzed the investments in the ATRS portfolio. In July 2010, Defendant Hopkins scheduled a meeting with Michael Tennenbaum, principal of a potential investment fund, the Tennenbaum Opportunities Fund IV (the "Fund").  Plaintiff, Hopkins, and Leslie Ward met with Tennenbaum about the Fund.  At the conclusion of the meeting, Plaintiff and Leslie Ward told Hopkins that they could not recommend pursuing the investment.  Franklin Park of PA, the Private Equity Consultant for ATRS, performed preliminary due diligence on the Fund and also did not recommend it.

Regardless, Hopkins continued to have discussions with Tennenbaum and ultimately requested that Hewitt Ennis Knupp of Chicago, the ATRS General Consultant, conduct due diligence on the Fund.  Hopkins also emailed Franklin Park's confidential due diligence report on the Fund to Tennenbaum.  Tennenbaum disputed some of the issues raised by Franklin Park. In January 2011, Hopkins again requested that Franklin Park conduct a full due diligence on the Fund and asked that the report be expedited and finished by the February 2011 Board meeting. The Fund needed $350 million in commitments by February 15, 2011 or the other investors could pull their commitments and walk away.

Plaintiff was not included in any further communications about the Fund.  She was not scheduled to be present at the February 2011 Board meeting because she was going out of town. No agenda for the meeting was circulated.  However, Plaintiff saw a preliminary agenda on a co-worker's desk which listed the Fund commitment as a topic.  Plaintiff talked to Gail Bolden, CFO Bob West, Chief Auditor Brenda West, Chief Legal Advisor Laura Gilson and Leslie Ward about her concerns regarding the Fund and how the deal was being done.  According to Plaintiff,

each individual agreed with her concern.

On January 7, 2011, Plaintiff e-mailed Hopkins and P.J. Kelly of Hewitt Ennis Knupp asking why the Fund was included on the preliminary Investment Committee agenda. Plaintiff did not receive a response to the e-mail. Through discovery, Plaintiff learned that Hopkins told P.J. Kelly that if he wanted any more comment from the Plaintiff on this issue, he would ask her.

While Plaintiff was on vacation, the Board approved the $40 million commitment to the Fund. The closing occurred on February 15, 2011, two days prior to the February 17 deadline for commitments.

On February 16, 2011, Plaintiff sent Hopkins an e-mail suggesting that Hopkins had learned compelling information about the Fund. Hopkins responded and forwarded the e-mail to Wayne Greathouse with ATRS.

Also in February, 2011, Hopkins directed Plaintiff to monitor the ATRS website. On February 23, 2011, Plaintiff noticed that her name was included on the website but that her title was incorrectly listed as Analyst and Cash Flow Specialist rather than Senior Investment Analyst. Plaintiff asked a data processing clerk about the mistake and the clerk stated that Hopkins gave her the information. Plaintiff sent the clerk an e-mail stating that Hopkins had given her the incorrect information and directed the clerk to correct Plaintiff's title. Plaintiff was terminated the following day.

Plaintiff sent a letter to the Board of Trustees of ATRS informing them of the situation and asking for an opportunity to visit with them. Plaintiff received an e-mail from Chairman of the Board Richard Abernathy stating that "the situation should be looked at as to the process that was used to get the commitment approved by the Board." Compl. At p. 8. Plaintiff did not

receive any further communication from the Board.

On August 19, 2011, Plaintiff filed suit against the Defendants for violation of the Arkansas Whistleblower Act, wrongful discharge and violation of her federal rights to Free Speech, Equal Protection, and Due Process of the law. The Defendants have filed a motion to dismiss Plaintiff's federal claims based upon Plaintiff's failure to state a claim, absolute immunity, and qualified immunity. Further, Defendants ask the Court to decline to exercise supplemental jurisdiction over Plaintiff's state law claims once her federal claims are dismissed.

II.     Standard for Summary Judgment

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56. The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there is a need for trial -- whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979). The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact. It is

> enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted)(brackets in original)). Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

    III.    <u>Analysis of the Law</u>

    A.    <u>Section 1983 Federal Constitutional Rights Claims</u>

Plaintiff has voluntarily dismissed her § 1983 claims against ATRS because ATRS is absolutely immune under the Eleventh Amendment. She also concedes that the official capacity Defendants are immune from suit for monetary damages. Therefore, the federal claims against ATRS and the federal claims for monetary damages from the official capacity Defendants are dismissed.

Plaintiff explains that her § 1983 claims against the individual Defendants in their official capacities are for prospective injunctive relief and declaratory relief and, therefore, are not barred by Eleventh Amendment immunity. Plaintiff is correct. Assuming that she has stated a § 1983 claim for violation of her Constitutional rights, Plaintiff can seek injunctive and declaratory relief against the individual Defendants in their official capacities.

Because the Court finds that Plaintiff may be able to seek this relief, the Court must

consider whether Plaintiff has set forth a violation of a federal Constitutional right under the First Amendment or Fourteenth Amendment.

        1.      <u>First Amendment Rights</u>

"[T]he First Amendment protects a public employee's right, in certain circumstances, to speak as a citizen addressing matters of public concern." *Garcetti v. Ceballos*, 547 U.S. 410, 417, 126 S.Ct. 1951, 1957 (2006). The Court must first determine whether Plaintiff spoke as a citizen on a matter of public concern. If the answer is yes, the question becomes whether the ATRS had an adequate justification for treating Plaintiff differently from any other member of the general public. *Id.* at 418, 1958.

In *Garcetti*, a calendar deputy attorney for the Los Angeles County Prosecuting Attorney's Office filed suit against his supervisors for violation of his First Amendment rights when he was reassigned, transferred and denied a promotion. Cabella alleged that these "adverse actions" were taken against him in retaliation for his disagreement with the defendants on the propriety of an affidavit filed by the Sheriff's Department. The United States Supreme Court found that Ceballos did not speak as a citizen but rather as an employee, a prosecutor fulfilling a responsibility to advise his supervisor. "We hold that when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." *Id.* at 421, 1961.

The Court finds that Plaintiff's speech regarding investment in the Fund to be a statement made pursuant to Plaintiff's official duties. Regardless of whether she was invited to all meetings regarding the Fund, it was Plaintiff's job to review all investments for ATRS. Her

statements regarding ATRS' investment in the Fund and the procedures which Hopkins used in his recommendation of the Fund were, therefore, made pursuant to her official job duties and are not insulated from employer discipline.  Defendants' motion for summary judgment of Plaintiff's First Amendment claim is granted.

        2.        <u>Procedural Due Process</u>

Plaintiff must show that she has been deprived of a constitutionally protected life, liberty or property interest to establish a violation of procedural due process.  "A person must have a legitimate claim of entitlement to his or her employment to have a property interest in it. Whether the employee had a legitimate claim of entitlement—and thus, a constitutionally protected property interest—depends on state law and the terms of his employment." *Mulvenon v. Greenwood,* 643 F.3d 653, 657 (8th Cir. 2011) (internal citations omitted).

Arkansas is an "at will" employment state.  *See Skrable v. St. Vincent Infirmary,* 943 S.W.2d 236, 237 (Ark. App. 1997).  "It is the general rule that when the term of employment in a contract is left to the discretion of either party, or left indefinite, or terminable by either party, either party may put an end to the relationship at will and without cause."  *Id.*  Plaintiff has not presented her employment contract or an ATRS handbook which states that her employment with ATRS could be terminated only for good cause or that she held her position with ATRS for a specific period of time.  Plaintiff has failed to provide any evidence which shows that she had a constitutionally protected property interest in her employment.  Therefore, the Court finds that Defendants' motion for summary judgment of Plaintiff's procedural due process claim must be granted.

3.     Substantive Due Process

As with Plaintiff's procedural due process claim, "the possession of a protected life, liberty, or property interest is a condition precedent" to her substantive due process claim. *Mulvenon v. Greenwood* 643 F.3d 653, 659 (8th Cir. 2011) (citing *Singleton v. Cecil*, 176 F.3d 419, 424 (8th Cir. 1999) (en banc) (stating that "the possession of a protected life, liberty, or property interest is a condition precedent to any due process claim")). As stated above, Plaintiff has not established a protected life, liberty or property interest in her job. Accordingly, Defendants' motion for summary judgment of Plaintiff's substantive due process claim is granted.

4.     Equal Protection Rights

Plaintiff has not set forth any facts to support her allegation that the Defendants violated her right to equal protection. Therefore, Defendants' motion for summary judgment of Plaintiff's equal protection claim is granted.

B.     State Law Claims

After dismissal of Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(a), (c); *Crest Const. II, Inc. v. Doe,* 660 F.3d 346, 359 (8th Cir. 2011) ("A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary.").

IV.     Conclusion

For these reasons, Defendants' Motion to Dismiss which was converted by the Court to a motion for summary judgment (Docket # 18) is GRANTED. The Clerk is directed to close the

case.  The trial scheduled for October 9, 2012 is cancelled.

    IT IS SO ORDERED this 16th day of April, 2012.


                                                        _____
                                                        James M. Moody
                                                        United States District Judge